Filed 12/30/22  P. v. Larsen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096313 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04206) |
| v. | |
| CASEY REID LARSEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Casey Reid Larsen has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2021, defendant got into an argument with and began yelling at employees of a café, including the victim.  Defendant stabbed the victim and fled.  Police officers later found defendant and he admitted to the stabbing.  Defendant also said he

1

had used methamphetamine prior to the incident. The victim suffered injuries to his abdomen and upper chest and required surgery.

Defendant was charged with attempted murder (Pen. Code, §§ 664/187, subd. (a); count 1)[1] and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to count 1, it was further alleged that defendant personally used a dangerous weapon. (§ 12022, subd. (b)(1).) As to both counts, it was further alleged that defendant personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).)

In March 2022, defendant pleaded guilty to count 2 and admitted the great bodily injury enhancement. The remaining count and allegations were dismissed.

Prior to sentencing, defendant submitted a report from a psychologist opining that defendant had long suffered from mental health problems and substance abuse. Defendant was physically abused as a child. According to the psychologist, defendant had likely suffered methamphetamine-induced psychosis during the stabbing.

During the April 2022 sentencing hearing, the trial court noted that it had considered defendant's prior trauma and the court's obligations under section 1170, subdivision (b)(6). However, the lower term was not in the interest of justice because the aggravating factors outweighed the mitigating factors. The court sentenced defendant to state prison for an aggregate term of six years, as follows: the midterm of three years for the assault with a deadly weapon conviction plus three years consecutive for the great bodily injury enhancement. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). The court awarded 277 days of custody credit.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant did not seek a certificate of probable cause on appeal.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      /s/

EARL, J.

We concur:


     /s/

RENNER, Acting P. J.


     /s/

KRAUSE, J.